Dayton, J.
The writ in this case was tested of September term, 1839. Returnable November term, 1839, of the Supreme Court. It was presented to the Warren Pleas, in December term, 1839, after the return day mentioned in the writ, and a return has been made thereto. It is admitted, that no term of the Warren Pleas intervened between the September and No *23 vcmber terms of the Supreme Court. Nor was there any rule taken at the November term of said court, extending the return day of the writ.
Upon this state of facts, the counsel moves to quash this writ. I. That upon general principles, all writs mast be executed on or before their return day, is undoubted. The presentation of this Certiorari after the return day therein mentioned was past, was therefore unquestionably erroneous. The only doubt is, whether we may not now order a rule to be entered as of Nov. term, 1839, extending the return day of this writ.
In Kirby et ux. v. Cole et al. 2 Green, 576, the return of a Certiorari, directed to the Orphans’ Court of Gloucester, was extended, because no term had intervened between its test and return day; though in that case, the rule was absolutely necessary to save the party’s rights, and was applied for at the term to which the writ was made returnable. It was in effect amending the writ, by an alteration or postponement of its return day. This course of practice was unusual. I have seen no case where the return of a writ has been so amended or rather extended, as to be made returnable at a future and distant term ; though there are many where they have been so amended as to be returnable to the next or forthcoming term. The common practice in such cases is to order out a new writ. But the peculiar requisitions of the statute made this course necessary in the case cited, and for uniformity of practice I would not object to extending the rule to other like cases. These rules, however, have always been granted while the writs were in esse as valid process. There are many cases in the books where it has been held that if a term intervene between the test and return of a writ, it is void ; as in Parsons v. Lloyd, 2 Black. R. 845; Bunn v. Thomas and King, admrs. &c., 2 J. R. 190; Shirley v. Wright, 2 Ld. Raym. 775; but the ease last' named, which by the way, is a leading ease, confines this rule to mesne process only and personal actions: and the reason assigned is, that a person ought not to bo detained so long in prison without being heard. The rule, it was said, did not extend to writs of execution.
The same principle was recognized in Campbell v. Cumming, 2 Burr. 1187; and in Jackson v. Crane, 1 Caw. 38. In the case last cited, a writ of Certiorari was amended where there were a *24 number of terms intervening between its test and return, and in the case in Burrow, a ca. sa. returnable out of term, was held not void, but voidable for irregularity only. In all such cases, it is said that the court may in its discretion, amend the writ.
But where the writ is absolutely void, as it is held in cases of mesne process, there can be no amendment. 2 J. R. 190; 2 Ld. Raym. 775; 4 Cow. 504; 9 J. R. 385; 4 J. R. 390; 5 J. R. 166; 3 Wils. 58; 5 Taunt. 853. It appears to me proper that this doctrine of amendment be applied to the present question. If the writ be void when the amendment is applied for, the court cannot vivify it by a rule which is intended to cure an irregularity merely. But if .not void, the court may in its discretion, cure its irregularities by a rule.
At the time of the service of this writ of Certiorari on the Warren Pleas, it was a void thing. In Wood v. Lide, 4 Cranch 180, Chief Justice Marshall, said “if the writ of error had been served when it was not in force, that is, after its return day, such service would have been void; but if served when in force, a return afterwards will be good.”
There are numerous cases which settle the principle, that after the return day has passed, the writ is dead. Devoe v. Elliot, 2 Caines R. 243; Vail v. Lewis et al. 4 J. R. 450; Adams v. Freeman, 9 J. R. 117; Wintermute v. Hankinson, 1 Hal. 140; 2 Tidd’s Pr. 1072; 10 Vin. (Execution) A. a. 568; 1 Chilly Pl. 170; and many other authorities might be found on this subject.
I think therefore, I am fully justified in the position, that this writ of Certiorari was a void thing after its return day had passed, and it remained unexecuted. Its force was spent. If this be so, I am at a loss to see how we can now, by the entry of a rule, mono pro tuno, ratify and make valid the execution of that writ, which at the time of its execution, was not voidable only, nut absolutely void. It cannot be done. If this rule had been applied for at the Nov. term of the Supreme Court, while the writ was in esse, we might have extended its return day. But permitting that term to pass, the writ is dead, and we cannot vivify it by a posthumous rule.